UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.                                          CRIMINAL ACTION NO. 2:99-00141-02

**KENNETH MAYNARD**

## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On this date the United States of America appeared by Thomas C. Ryan, Assistant United States Attorney, and the defendant, Kenneth Maynard, appeared in person and by his counsel, Christian M. Capece, Assistant Federal Public Defender, for a hearing on the petition on supervised release submitted by Senior United States Probation Officer John B. Edgar, the defendant having commenced a three-year term of supervised release in this action on November 17, 2006, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on February 25, 2000.

The court heard the admissions of the defendant and the representations and argument of counsel.

**For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: that the defendant was arrested on October 22, 2008, by members of the Cleveland, Ohio Police Department and is found by this court to have committed domestic violence, driving under the influence of alcohol, hit skip, and failure to control, all as more fully stated on the record of the proceeding as evidenced by the defendant's stipulation on the record of the hearing that the government possesses sufficient evdidence to prove the facts by a preponderance of the evidence; all as set forth in the petition on supervised release and accompanying violation report.**

**And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.**

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, on the basis of the original offense, the intervening conduct of the defendant and after considering the factors set forth in 18 U.S.C. § 3553(a), that the defendant is in need of correctional treatment which can most effectively be provided if he is confined, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of TIME SERVED, to be followed by a term of 33 months supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the following special conditions:

1. As requested by United States Probation Officer Thomas Shepherd of the Northern District of Ohio, the defendant shall participate in the Location Monitoring Program for a period of SIX (6) MONTHS to commence immediately following sentencing. The defendant shall be required to remain in his residence unless given permission in advance by the probation

officer to be elsewhere in order to work, receive medical treatment, attend religious services, participate in the Intensive Outpatient Program noted below, and as otherwise authorized by the probation officer. The defendant shall consent to be monitored by location monitoring technology at the discretion of the officer, and shall abide by all of the requirements established by the pretrial services and probation office related to the use of this location monitoring technology and submit to random drug/alcohol tests as specified by the pretrial services and probation officer. The defendant may participate in the Discretionary Leave under terms set by the pretrial services and probation officer. The defendant shall pay the costs of participation in the location monitoring program, based on his ability to pay as directed by the pretrial and probation officer.

2. The defendant shall participate in the eight-week Intensive Outpatient Program for drug and alcohol treatment offered by Community Assessment & Treatment Services, Inc. as outlined on the record of the hearing. After completion of that program, the defendant shall participate in aftercare drug abuse counseling and treatment as directed by the probation officer.

3. To the extent compatible with participation in drug and alcohol treatment as outlined above, the defendant shall resume full-time employment with his current employer or another employer.

4. Until the defendant's ex-wife, Janice Rendon, agrees otherwise or a court rules otherwise, the defendant shall visit their daughter at his mother's residence so as to avoid contact with Ms. Rendon.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: January 29, 2009

_____
John T. Copenhaver, Jr.
United States District Judge